UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HOWARD VAN BOOVEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:14-CV-851 (CEJ) |
| ) | |
| PNK (River City), LLC d/b/a RIVER ) | |
| CITY CASINO AND HOTEL, ) | |
| ) | |
| Defendant. ) | |

## **AMENDED MEMORANDUM AND ORDER**

This matter is before the court on plaintiff's motion for award of attorneys' fees and costs, pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b), and Fed.R.Civ.P. 68. Defendant has filed a response in opposition and the issues are fully briefed.

**I.      Background**

On May 2, 2014, plaintiff Howard Van Booven filed this putative class and collective action against his employer, seeking unpaid overtime, liquidated damages, attorney's fees and other relief for violations of the Missouri Minimum Wage Law (MMWL), Mo. Rev. Stat. §§ 290.500 *et seq.*, and the FLSA. In the ensuing ten months, plaintiff filed three amended complaints, in response to which defendant filed answers, a motion for partial dismissal, and two motions for partial judgment on the pleadings. Plaintiff also filed two motions to proceed as a collective action, which defendant opposed. On January 16, 2015, defendant served plaintiff with an offer of judgment to settle his claim for unpaid wages, plus attorney's fees,

costs, and expenses as determined by the court. Plaintiff accepted the offer of judgment on January 28, 2015.

Plaintiff originally sought attorneys' fees in the total amount of $70,915.25 for 183.3 hours of legal time expended by four attorneys, as detailed in three separate billing reports. After initial review, the court directed plaintiff to submit a single chronological billing report for all attorney hours. In addition, the court made a preliminary determination that plaintiff was not entitled to attorneys' fees for work performed in connection with the third amended complaint, on behalf of a new plaintiff who has filed his own action, or completing clerical or administrative tasks. Plaintiff has now submitted a modified billing report in which he seeks attorneys' fees in the amount of $65,211.50 for 170.65 hours. Plaintiff also requests $501.00 in costs.

## II. Discussion

The FLSA provides that the court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b). The starting point for determining the amount of reasonable attorneys' fees is the lodestar amount, which is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The court should also consider: "(1) the time and labor required, (2) the novelty and difficulty of the question, (3) the skill requisite to perform the legal services properly, (4) the preclusion of other employment due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9)

the experience, reputation and ability of the attorneys, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client and (12) awards in similar cases." Starks v. Harris Co. Inc., No. 4:12 CV 473 DDN, 2014 WL 1314945, at *2 (E.D. Mo. Mar. 26, 2014) (quoting Zoll v. East Allamakee Cmty. Sch. Dist., 588 F.2d 246, 252 n. 11 (8th Cir. 1978)).

### A.  Hours Expended

When calculating the lodestar, a district court need not accept counsel's submission of hours as conclusive but should exclude from that total those hours that were not reasonably expended on the litigation. Fires v. Heber Springs Sch. Dist., 565 F. App'x 573, 575 (8th Cir. 2014) (citing Hensley, 461 U.S. at 433-34). The fee applicant bears the burden of substantiating the claimed number of hours expended. West v. Matthews Intern. Corp ., 4:09CV1867 DDN, 2011 WL 3904100, at *3 (E.D. Mo. Sept. 6, 2011) (citing Hensley, 461 U.S. at 437). Hours that are "excessive, redundant, or otherwise unnecessary" are not to be included in an award of fees. Hensley, 461 U.S. at 434. In addition, a court "may reduce attorney hours, and consequently fees, for inefficiency or duplication of services in cases where more than one attorney is used." A.J. v. Kierst, 56 F.3d 849, 864 (8th Cir. 1995). Attorneys' fees for time spent on clerical or administrative tasks are not appropriate. Betton v. St. Louis County, 4:05CV1455 JCH, 2010 WL 2025222, at *7 (E.D. Mo. May 19, 2010). Finally, "[i]n the private sector, 'billing judgment' is an important component in fee setting. . . Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." Hensley, 461 U.S. at 434 (citation omitted) (emphasis in original).

Where more than one attorney represents a prevailing party, courts must consider the contribution of all attorneys. Schommer v. Accelerated Receivable Solutions, No. 8:11CV95, 2011 WL 3422775, at *3 (D. Neb. Aug. 4, 2011) (citing A.J., 56 F.3d at 863-64). However, "a court may reduce attorney hours, and consequently fees, for inefficiency or duplication of services in cases where more than one attorney is used." Id. (alteration and citation omitted). In this case, several entries include reviews or consultations between the attorneys by telephone or e-mail, for which multiple attorneys billed their time. While case review and consultation are not *per se* unreasonable, id., the court will deduct some of the hours as duplicative or excessive.

Defendant objects to several entries as unnecessary or excessive because plaintiff relied on documents "recycled" from a similar case filed in this district, Halsey v. Casino One Corp., 4:12-CV-1602 (CDP), changing only the names of the parties. Thus, defendant argues the court should disallow plaintiff's requested fees for drafting, reviewing and filing the original and amended complaints, the motion and memorandum to proceed as a collective action, plaintiff's declaration, and the response in support of plaintiff's motion for conditional certification. Plaintiff argues that using the Halsey documents as a template significantly reduced the amount of time spent drafting documents in this case. While some of this efficiency is evident in the billing records, the court nonetheless finds that, in light of counsels' expertise, the content of the filings, and the relatively minor modifications made, an excessive number of hours were devoted to drafting pleadings, amended pleadings, and motions to proceed as a collective action. Appropriate reductions have been made.

Defendant argues that plaintiff's counsel failed to use appropriate billing judgment by, for example, continuing to work on and bill for responses to motions that were rendered moot because plaintiff decided to file an amended complaint or certification motion. (See, e.g., Oct. 13 and 14, 2014 entries for reviewing motions for partial dismissal while counsel were deciding to amend complaint; Oct. 10, 2014 entry for responses to affirmative defenses). The court agrees that it is inappropriate to bill for time spent on abandoned strategies.

Defendant complains that the billing records of attorney Stuart Platt are excessively vague, making it difficult to tell whether the time he spent was reasonable and necessary. "Incomplete or imprecise billing records preclude any meaningful review by the district court of the fee application for excessive, redundant, or otherwise unnecessary hours and may make it impossible to attribute a particular attorney's specific time to a distinct issue or claim. H.J. Inc. v. Flygt Corp., 925 F.2d 257, 260 (8th Cir. 1991) (internal quotation and citation omitted). Thus, "[i]nadequate documentation may warrant a reduced fee." Id. The court agrees that some of Mr. Platt's billing entries are too vague to allow meaningful review and has disallowed such entries. (See, e.g., Sept. 5, 2014 entry "Receipt and review multiple pleadings" for 1.0 hour). The court has also disallowed entries for Mr. Platt's review of documents after they were filed. (See, e.g., Sept. 21, 2014 entry "Receipt and review edited brief in support of certification" for 1.0 hour).

Finally, plaintiff's modified billing statement removes most, but not all, of the entries for low-level case-management tasks (*e.g.*, reviewing non-consequential entries in the court's electronic case management system), and entries related to the third amended complaint. The court has disallowed additional entries for tasks

5

in these categories.

B.     **Hourly Rates**

Plaintiff seeks $475 per hour for Daniel Touhy, $425 per hour for Steven Hamburg, $325 per hour for Stuart Platt, and $235 per hour for Daniel Iles. Defendant objects that the requested rates are unreasonable.

"The burden is on the moving party to provide evidence supporting the rate claimed." Wheeler v. Missouri Highway & Transp. Comm'n, 348 F.3d 744, 754 (8th Cir. 2003). "[W]hen fixing hourly rates, courts may draw on their own experience and knowledge of prevailing market rates." Warnock v. Archer, 397 F.3d 1024, 1027 (8th Cir. 2005) (citation omitted). Courts "do not automatically accept the lawyer's rate as reasonable," also considering "the ordinary fee for similar work in the community." Shakopee Mdewakanton Sioux Cmty. v. City of Prior Lake, Minn., 771 F.2d 1153, 1160 (8th Cir. 1985) (internal quotation and citation omitted).

Mr. Touhy states in his declaration that he has been actively involved in litigation since obtaining his law license in 1982. Since 2002, he has specialized in wage and hour cases, which presently account for about half of his legal work. He has extensive trial experience and has been lead or co-counsel in wage-and-hour cases in several district courts. He states that for lawyers with his qualifications in Chicago, where he is located, an hourly rate between $400 and $600 is typical in the wage-and-hour field. He cites several factors that, in his opinion, make such rates reasonable: the difficulty of the cases, the stringent defense of the cases by large law firms, the expenditure of money by plaintiffs' counsel in these matters, and the risk involved in bringing such claims, including the possibility that no recovery will be made. He believes that an hourly rate of $475 for his work in this

matter is fair and reasonable.

Mr. Hamburg states by declaration that he has been actively involved in litigation since obtaining his law license in 1976 and is familiar with the market rates for plaintiffs' lawyers in the St. Louis area. He has extensive trial experience and has been lead or co-counsel in a number of class action cases in state and federal courts in Missouri and Illinois. He states that an hourly rate of between $400 and $500 is typical in the wage-and-hour field, and that $425 is typical and reasonable for a lawyer of his experience in the St. Louis market. He also states that an hourly rate of $235 is appropriate for his associate Daniel Iles. He provides no information regarding Mr. Iles's professional background or experience.

Mr. Platt states by declaration that he has been actively involved in civil litigation since obtaining his law license in 1985. He specializes in federal statutory claims. He has extensive trial experience and has been co-counsel in wage-and-hour cases.

Defendant objects that Mr. Touhy's reliance on Chicago hourly rates is inappropriate. "A reasonable hourly rate is usually the ordinary rate for similar work in the community where the case has been litigated." Miller v. Dugan, 764 F.3d 826, 831 (8th Cir. 2014) (citation omitted). Courts may look outside the local market to determine appropriate rates in cases in which local rates might not be "sufficient to attract experienced counsel" in a specialized legal field. Little Rock Sch. Dist. v. Arkansas, 674 F.3d 990, 997 (8th Cir. 2012) (quoting Casey v. City of Cabool, 12 F.3d 799, 805 (8th Cir. 1993)); see also Ladd v. Pickering, 783 F. Supp. 2d 1079, 1091 (E.D. Mo. 2011) (plaintiff seeking out-of-town rates must show he cannot find local counsel "able and willing to take the case" despite his "diligent,

7

good faith efforts."). Three of plaintiff's four attorneys are based in St. Louis and he has not shown that it was necessary to seek counsel from a more expensive market. The court will examine the St. Louis market to determine the appropriate hourly rate.

Defendant argues that the $475 and $425 hourly rates requested by Mr. Touhy and Mr. Hamburg would place them among the "Most Expensive St. Louis Attorneys" for 2014 as documented by Missouri Lawyers weekly. Def. Ex. B (showing hourly rates between $415 and $650). Defendant urges that the appropriate hourly rate for attorneys Touhy and Hamburg is between $250 and $350. The court will rely on its familiarity with the local legal market in determining a reasonable hourly rate as well as recent FLSA cases in this district. See Gortat v. Capala Bros., No. 07 CV 3629 ILG, 2014 WL 3818614, at *8 (E.D.N.Y. Aug. 4, 2014) (noting that lawsuits asserting claims under wage and hour laws are generally less complex than civil rights cases because they "invoke a more straightforward statutory and regulatory scheme and do not generally require proof of intent").

In Koenig v. Bourdeau Construction, LLC, 4:13CV477 SNLJ, 2014 WL 6686642, at *2 (E.D. Mo. Nov. 26, 2014), the court determined that an hourly rate of $350 was appropriate for an attorney with more than 25 years' experience in employment and labor law and extensive experience in FLSA litigation; the court also approved a hourly rate of $250 for an attorney with 6 years' experience. Similar hourly rates were awarded in Adams v. City of Manchester, No. 4:11CV1309 TCM, 2013 WL 4776280 (E.D. Mo. Sept. 6, 2013). As part of a class action settlement agreement, the court approved hourly rates of $400 (two partners, each

with thirty-plus years of employment experience), $300 (one partner with ten-plus years of employment experience), and $250 (two associates). Risch v. Natoli Eng'g Co., LLC, No. 4:11CV1621 AGF, 2012 WL 4357953, at *4 (E.D. Mo. Sept. 24, 2012). These rates were negotiated by the parties as a component of the overall settlement.

The court concludes that hourly rates of $350 for Mr. Touhy and Mr. Hamburg, and $300 for Mr. Hamburg, are appropriate and consistent with the rates performed by lawyers of similar experience for similar work in the St. Louis region. Given the lack of information regarding Mr. Iles's training and experience, the court will approve an hourly rate of $100.

Based on the foregoing, the lodestar amounts are as follows:

```
Daniel Touhy:      60.85 hours at $350/hour  =  $21,297.50
Steven Hamburg:    12.65 hours at $350/hour  =  $ 4,427.50
Stuart Platt:      12.55 hours at $300/hour  =  $ 3,765.00
Greg Iles:         16.20 hours at $100/hour  =  $ 1,620.00
```

Thus, the total lodestar amount for 102.25 hours of attorney time is $31,110.00.

### C.    Degree of Success

Defendant asserts that the lodestar amount should be reduced, arguing that plaintiff achieved only limited success in this case. When this action was filed, plaintiff sought certification of class and collective actions under state and federal law. Defendant argues that the failure to obtain class certification is a basis for reducing the lodestar amount. Here, however, the parties reached settlement before the court ruled on plaintiff's pending motion for certification and thus this factor does not diminish the degree of success plaintiff achieved. Defendant's related argument that plaintiff's dismissal of his state law claims justifies a lower

9

fee award on his FLSA claim is similarly unpersuasive. The court finds no basis for reducing the lodestar amount.

###    D.    Costs

Plaintiff seeks costs in the amount of $400.00 for the filing fee, $100.00 for the fee for Mr. Touhy's admission *pro hac vice*, and $1.00 for a certificate of good standing from the Illinois Supreme Court. These costs are properly taxable under 28 U.S.C. § 1920 and defendant does not oppose them. Plaintiff will be awarded $501.00 as costs.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for award of attorneys' fees and costs [Doc. #51] is **granted in part and denied in part.**

**IT IS FURTHER ORDERED** that plaintiff is awarded attorneys' fees in the amount of $31,110.00 and costs in the amount of $501.00.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 17th day of June, 2015.